Woodman *v.* Neal.

## DANIEL WOODMAN, JR., *versus* JOHN· NEAL.

Where a wife, by an instrument under seal and in terms irrevocable, appoints her husband her attorney, for her and in her name to collect and receive to his own use, the rents and profits of her real estate already under lease, to make repairs, pay taxes, have the general oversight thereof during his life, without accounting to her, and represent her before any court, the husband is thereby authorized to commence an action for an injury to the real estate, *but only in her name.*

THE nature of the plaintiff's demand, and the rulings of the Court, which were excepted to, will be found in the opinion of the Court.

*F. O. J. Smith,* for plaintiff.

The plaintiff was in possession of the premises as tenant for life.

His right of action, for the injury to his estate, and the diminution of his profits, is established upon the principle of the cases of *Starr & al.* v. *Jackson,* 11 Maine, 521; *Lieman* v. *Ritchie,* 8 Pick., 235, and *Noyes* v. *Shepherd,* 30 Maine, 173. See also, 2 Barb. S. C. R., 165.

*Rand,* for defendant.

The opinion of the Court was drawn up by

DAVIS, J.— The plaintiff and the defendant formerly owned adjoining stores, each having an interest in the partition wall, and in the foundation cellar wall upon which it stood. In November, 1854, the defendant caused his cellar to be made deeper, by digging out the earth, and building a new wall underneath the other, in the manner usual in such cases. The plaintiff alleges that the wall, and his store, were injured thereby; and he has brought this action of trespass on the case to recover his damages.

It is declared in the writ, that the plaintiff and defendant were, at the time of the injury, "joint owners of the wall," and that the defendant "undermined and removed, and wholly

destroyed large portions of the foundation cellar wall, thereby injuring the whole of the partition wall, and the connecting walls and roof of the plaintiff's store, exposing it to fall, causing the same to weaken and crack, and making it necessary to rebuild the plaintiff's store," &c.

After both parties had introduced their testimony relating to the injury, the defendant proved, by office copies of the deeds, that the plaintiff conveyed the premises before the injury, in June, 1854, to Daniel Gould, and that said Gould, at the same time, conveyed them to Mary Woodman, the plaintiff's wife. These conveyances were subject to a lease given by the plaintiff to Henry Bailey, expiring in 1858.

The plaintiff thereupon, to prove his interest in the premises at the time of the injury, introduced a power of attorney from his wife, of which the following is a copy:—

"Know all men by these presents, That I, Mary Woodman, of Westbrook, in the county of Cumberland and State of Maine, do make, constitute and appoint, and in my stead and place put my husband, Daniel Woodman, jr., my true and lawful attorney, for me, and in my name, to collect and receive to his own use, without account to me, the rents and profits of the store and shop No. 18, in Exchange street, Portland, the same occupied under lease by Henry Bailey & Co., to make all suitable and necessary repairs, changes and alterations in said store, to employ tenants, and to have the general oversight and charge of said property during his natural life, and to use and employ the rents and income thereof for his own use and benefit, paying the taxes on said store, and not accountable to me for said rents; and this power to be irrevocable by me or my legal representatives;—giving and granting unto my said attorney my full power and authority in and about the premises, and to take all due means and process of law for accomplishing the same, and, in my name, to make due acquittances and the discharges therefor; and the person of the constituent to represent before any court or other tribunal whatsoever; with power also an attorney

or attorneys, under my said attorney for that purpose, to make and substitute, and to do all lawful acts requisite for effecting the premises; hereby ratifying and confirming all that my said attorney, or his substitute or substitutes, shall do therein by virtue hereof. In witness whereof, I have hereunto set my hand and seal, the seventeenth day of June, in the year of our Lord one thousand eight hundred and fifty-four.

"Mary Woodman." [L. S.]

Upon this evidence, the jury were instructed that the plaintiff, although at the time of the alleged injury he had no title to the premises, might maintain this action for the expenses to which he was subjected in making repairs, if the repairs were rendered necessary by the negligence of the defendant.

The instrument under which the plaintiff claims is an anomalous one. In form, it is a power of attorney, while, in substance, it resembles a lease for life. As such, it seems to have been regarded by the Court, at the time of the trial. And, as between the parties to it, the force and effect of a lease might, in most respects, have been given to it.

But the instrument was given by the wife, and she had the right to determine the form, as well as the substance. As she relinquished all interest in the rents, we may not understand why she did not transfer the premises by a lease, unless it was to keep the property from the creditors of her husband. But she chose to require that, though the plaintiff was to have the beneficial interest in the property, he should manage it "for her, and in her name." To this he assented. The store was then, and at the time of the injury, under a lease to Bailey, previously given. The plaintiff, therefore, had not even the right of occupation. The allegations in the writ, that he was the owner of the store, and "*joint-owner* of the wall" with the defendant, were not true. He merely had the right to collect the accruing rents; but he could only do this for his wife, and in her name. He had no personal rights, in his own name, except to retain rents actually collected. He was authorized. to commence an action for an injury like that

described in the writ, and " to represent his wife before any court" having jurisdiction of it. But it should have been brought in her name. *Collen* v. *Kelsey,* 39 Maine, 298.

*Exceptions sustained; — New trial granted.*

TENNEY, C. J., RICE, APPLETON, GOODENOW and KENT, JJ., concurred.